IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID WELLS, | CV. 06-190-PK |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| AIRGAS CARBONIC, INC., a corporation, | |
| Defendant. | |

PAPAK, Magistrate Judge:

Plaintiff David Wells filed this action in State court alleging breach of contract, assumpsit, and unfair employment practices in violation of ORS chapter 659A. Defendant Airgas Carbonic, Inc. (Airgas) removed the action to this court, claiming that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

On August 31, 2006, Airgas filed a Motion for Summary Judgment (No. 17), moving against all of Wells's claims. On October 24, 2006, Wells filed a Motion to Remand (No. 25), arguing that the court does not have jurisdiction over this action. Oral argument on the Motion

Page 1 - FINDINGS AND RECOMMENDATION

for Summary Judgment was held on November 8, 2006. At oral argument, the court explained to the parties that it would consider the Motion to Remand, once briefing was completed, before issuing a Findings and Recommendation on the Motion for Summary Judgment. The parties' briefing on the Motion to Remand was completed on November 27, 2006.

For the reasons set forth below, Wells's Motion to Remand should be granted and Airgas's Motion for Summary Judgment should be denied as moot.

## MOTION TO REMAND

In addressing a motion to remand, the court looks to whether the case was properly removed to federal court in the first instance. Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1426 (9th Cir. 1984). Only cases that would have had original jurisdiction in a federal district court may be removed from State court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

The defendants have the burden of demonstrating that removal is appropriate by a preponderance of the evidence. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Airgas removed the action on the basis of federal question jurisdiction. Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The question whether a claim 'arises under' federal law

Page 2 - FINDINGS AND RECOMMENDATION

must be determined by reference to the well-pleaded complaint." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Here, Airgas argues that the court has federal question jurisdiction because Wells alleges violation of the Vietnam Era Veteran's Readjustment Assistance Act of 1972, 38 U.S.C. § 4212 (VEVRA).[1]  Wells argues that his Complaint states claims for state law breach of contract and assumpsit that incorporate VEVRA, but that VEVRA does not create the cause of action.

Wells's Complaint is not the model of clarity.  In the "introduction" of the complaint Wells states "[p]ursuant to [VEVRA], plaintiff alleges defendant violated his rights as a Vietnam War Veteran by discriminating against him in employment."[2]  The caption and the body of the Complaint, however, set forth claims for breach of contract, assumpsit, and unlawful employment practices under ORS chapter 659A.   The contract claims (breach of contract and assumpsit) incorporate VEVRA, alleging that certain contracts contained an express or implied promise that Airgas would comply with VEVRA and that Airgas breached that promise by discriminating against Wells in violation of VEVRA.  But nowhere in the complaint does Wells allege that he is entitled to relief under VEVRA.

While a case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law," Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 9 (1983), "a

---

[1]As long as at least one claim in a plaintiff's complaint is subject to federal jurisdiction, the federal court may exercise supplemental jurisdiction over the plaintiff's related state law claims.  28 U.S.C. § 1367(a).

[2]At oral argument, counsel for Wells said that the inclusion of this statement in the introduction was a clerical error.

Page 3 - FINDINGS AND RECOMMENDATION

complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" Merrell Dow Pharmaceuticals, Inc., 478 U.S. at 817.

In Merrell Dow Pharmaceuticals, Inc., plaintiffs filed an action in state court against the manufacturer of Bendectin, alleging that use of the drug had caused birth defects. Defendant Merrell Dow Pharmaceuticals removed the action to federal court, alleging that the action was founded, in part, on an alleged claim arising under federal law. Specifically, Count VI of the complaint alleged that the drug was "misbranded" in violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. (FDCA), because the labeling did not provide adequate warning of the potential dangers. That violation of the FDCA, plaintiff alleged, constituted a rebuttable presumption of negligence and directly and proximately caused plaintiffs' injuries. Id. at 806. Plaintiffs filed a motion to remand, but the district court held that Count VI alleged a cause of action arising under federal law and denied the motion. Id. At 806. The Sixth Circuit reversed. The Supreme Court noted that the case posed the "litigation-provoking problem," that is, "the presence of a federal issue in a state-created cause of action." Id. At 809-10 (citing Textile Workers v. Lincoln Mills, 353 U.S. 448, 470 (1957) (dissenting opinion). The court then noted that the parties agreed that there was no private right of action for a FDCA violation. Id. at 810. The Court concluded that "the congressional determination that there should be no federal remedy for the violation of [the] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Id. At 814.

Here, as in Merrell Dow Pharmaceuticals, Inc., the parties agree that there is no private federal cause of action for a violation of the VEVRA. See Antol v. Perry, 82 F.3d 1291, 1296-98 (3d Cir. 1996) (no private right of action under VEVRA); Wikberg v. Reich, 21 F.3d 188, 189 (7th Cr. 1994) (same); Harris v. Adams, 873 F.2d 929, 931 (6th Cr. 1989) (same); Barron v. Nightengale Roofing, Inc., 842 F.2d 20, 21-22 (1st Cir. 1988) (same); Luttrell v. Runyon, 3 F. Supp. 2d 1181, 1187 (D. Kan. 1998) (citations omitted) (same); Taydus v. Cisneros, 902 F. Supp. 278, 282 (D. Mass. 1995) (same); Wilson v. Amtrak Nat. R.R. Corp., 824 F. Supp. 55 (D. Md. 1992) (same). Because the Complaint alleges a state cause of action, and Congress has not provided a private, federal remedy for a violation of VEVRA, Wells's Complaint does not allege a claim "arising under the Constitution, laws, or treaties of the United States" and the action should be remanded back to State court. 28 U.S.C. § 1331.

## MOTION FOR SUMMARY JUDGMENT

Because the court has determined that the Motion to Remand should be granted, Airgas's Motion for Summary Judgment is moot and should therefore be denied.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

## CONCLUSION

Page 5 - FINDINGS AND RECOMMENDATION

For the foregoing reasons, Plaintiff's Motion to Remand (No. 25) should be GRANTED and an Order of Remand should be entered, and Defendant's Motion for Summary Judgment (No. 17) should be DENIED as moot.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 21, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 6th day of December, 2006.

        /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge